]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN BLAKE HARRIS,                   No. C 11-1557 SI (pr)

    Petitioner,                           **ORDER**

    v.

RANDY GROUNDS, warden,

    Respondent.
                                  /

        Respondent has filed an *ex parte* request for an extension of time to respond to the petition for writ of habeas corpus. Having considered the request and the accompanying declaration of attorney Michele Swanson, as well as petitioner's opposition, the court GRANTS respondent's request. (Docket # 7.) Respondent must file and serve his response to the petition no later than **September 2, 2011**. Petitioner must file and serve his traverse no later than **October 7, 2011.** The traverse may not exceed 20 pages in length.

        Petitioner has filed a motion for summary judgment in which he argues that he is entitled to judgment as a matter of law because respondent did not timely file a response to the order to show cause. Petitioner is incorrect in his assertion that respondent is in default. The deadline for filing a response was July 1, 2011; on that date respondent filed a request for an extension of time to respond and mailed a copy of that request to petitioner.[1] Respondent therefore was not in default. Further, entering default is disfavored in habeas proceedings. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1989) ("failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"); *Bermudez v. Reid*, 733 F.2d

---

[1]Service by mail is satisfactory unless the court orders otherwise.

18, 21 (2d Cir. 1983) ("were district courts to enter default judgments without reaching the merits of the claim, it would not be the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them").  Insofar as petitioner wants to argue the merits of his claim for habeas relief, the place to do that is in the traverse, and not in a summary judgment motion. It would unnecessarily consume judicial resources to consider habeas claims in the context of a summary judgment motion (where the focus is on the existence of any triable issue of fact) when the same claims will be considered at about the same time without the constraints of summary judgment proceedings (i.e., the court can decide claims even if the parties dispute facts or inference therefrom).   Petitioner's motion for summary judgment is DENIED.  (Docket # 9.)

    IT IS SO ORDERED.

DATED: July 14, 2011

                                        SUSAN ILLSTON
                              United States District Judge