UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BLAKE HARRIS, | No. C 11-1557 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| RANDY GROUNDS, warden, | |
| Respondent. | |

## INTRODUCTION

Steven Blake Harris, a *pro se* prisoner, filed this action for a writ of habeas corpus to challenge his 2008 conviction in Santa Clara County Superior Court. Respondent has moved to dismiss the petition as untimely, and Harris has opposed the motion. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it.

## BACKGROUND

Harris pled no contest in Santa Clara County Superior Court to charges of rape, digital penetration and robbery. On September 19, 2008, he was sentenced to eight years in state prison.   Harris did not appeal his conviction.

He did, however, seek collateral relief in state courts. First, he filed a declaration on April 27, 2009 in the Santa Clara County Superior Court, which the court construed to be a habeas petition and denied it on June 11, 2009. Second, he filed a habeas petition in the Santa Clara County Superior Court on July 12, 2009; that petition was denied on September 8, 2009.

Third, he filed a habeas petition in the California Court of Appeal on December 6, 2009; that petition was denied on January 5, 2010. Fourth, he filed a habeas petition in the California Supreme Court on January 18, 2010; that petition was denied on July 14, 2010.

Harris then filed his federal petition in which he asserted a single claim for relief, i.e., that his attorney provided ineffective assistance in that he assured Harris that he would receive a sentence of 3-6 years if he entered a plea of guilty or no contest. His federal petition was signed on March 20, 2011, and stamped "filed" on March 30, 2011. The postmark on the envelope containing the petition is not legible. For present purposes, the court assumes the federal petition was given to prison officials on the date it was signed.

As a prisoner proceeding *pro se*, Harris receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The mailbox rule applies to the filing of the federal petition as well as the state petitions for purposes of calculating compliance with the AEDPA. *See id.; Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds, Carey v. Saffold*, 536 U.S. 214 (2002). Where the mailing date is in the record, that is used as the filing date.

**DISCUSSION**

Before turning to the merits of respondent's motion, it is necessary to address Harris' argument that the motion was improper because the order to show cause directed respondent to answer the petition. Respondent's motion to dismiss was permissible. *See White v. Lewis*, 874 F.2d 599, 600, 602-03 (9th Cir. 1989). The court is receptive to a respondent raising threshold problems (such as lack of jurisdiction, failure to exhaust, improper venue, lack of custody, mootness, and untimeliness) by motion rather than in the answer because it often is a more efficient process for the litigants and the court. When the court sees a procedural problem in its initial review of a habeas petition, it often invites a motion to dismiss rather than an answer. However, as here, there often is not enough information in the petition to alert the court to the

existence of a potential procedural problem and the court issues an order to show cause why the writ should not be granted. By doing so, the court does not intend to preclude respondent from moving to dismiss the petition for a threshold procedural problem.

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Here, the judgment became final and the limitations period began on November 18, 2008, sixty days after Harris was sentenced because he did not appeal his conviction. The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitations period begins the day after the date on which the time to seek such review expired. *See* Cal. Rule of Court 8.308(a) (appeal from criminal judgment must be filed within sixty days after rendition of judgment or making of order being appealed); *see generally Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitations period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was forty days after the Court of Appeal filed its opinion). The presumptive deadline for Harris to file his federal petition was November 18, 2009. He missed that deadline by more than sixteen months, so unless he qualifies for substantial tolling, the petition is untimely.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is considered

3

pending not only for the time the case is open on the docket in a court, but also for the time period between state habeas petitions provided that the petitioner files the later state habeas petition at a higher level court and does so "within what California would consider a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. 189, 197-98 (2006); *Carey v. Saffold*, 536 U.S. at 219-20.

By the time Harris filed his first state habeas petition on April 27, 2009, 160 days of the one-year limitations period had passed. Harris receives tolling for the period during which the first and second state habeas petitions actually were pending in the Santa Clara County Superior Court, but not for the 31 days between them because they were filed in the same level court. Harris receives no *statutory* tolling for the 89-day gap between the denial of his second habeas petition by the superior court and the filing of his third habeas petition in the California Court of Appeal because the latter was not filed within what California would consider a reasonable time. *See, e.g., Evans*, 546 U.S. at 197 (noting that six months is far longer than the 30 to 60 days that most states provide for filing an appeal, the Court held that an unjustified or unexplained 6-month delay between post-conviction applications in California is not "reasonable" and does not fall within *Carey*'s definition of the term "pending"); *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding 91-day and 81-day delays between state habeas petitions were "'unreasonable'" with no indications from the California courts to the contrary); *Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (delay of 146 days between successive petitions not reasonable, so later petition not "timely filed"); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (no tolling for 101-day and 115-day gaps between state habeas petitions where those petitions offered no justification for the delays as required under California law).

By the time Harris had finished with his state court habeas petitions, 280 days (160 + 31 + 89 = 280) of the 365-day limitations period had passed. Harris did not file his federal habeas petition for another 249 days, by which time 529 days had passed. Unless he is entitled to equitable tolling, the federal petition is untimely.

The § 2244(d) limitations period can be equitably tolled for a petitioner who shows (1)

4

that he pursued his rights with reasonable diligence and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Harris asserts three reasons for equitable tolling.

First, Harris argues that equitable tolling is warranted because counsel failed to appeal the conviction and sentence. The court disagrees. Harris knew the factual basis of his claim at the time he entered his plea or, at the latest, when he was sentenced, as he knew then that he did not receive the term he allegedly had been promised.[1] Harris stated under penalty of perjury in his petition to the California Supreme Court that, "once he was sentenced, he notified his attorney his desire to appeal the sentence. Counsel ignored petitioner's desire to appeal wholly." Petition (docket # 1), Ex. 2, p. 3.[2] Assuming for purposes of argument that Harris *did* tell counsel he wanted to appeal, Harris provides no evidence as to when he learned that counsel had not taken steps to appeal and provides no evidence that he made inquiries to find out the status of the appeal he requested. He makes no showing of diligence to protect his rights. *Cf. Holland*, 130 S. Ct. at 2565. "Counsel's failure to perfect an appeal simply meant that [the petitioner] had one year from the expiration of his time to file a notice of appeal in which to initiate a federal habeas action–it did not prevent him from filing the petition." *See Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010). The alleged negligence of counsel in not filing an appeal has "little to no bearing" on Harris' ability to timely file his federal petition. *See id.*; *cf. Doe v. Busby*, No. 08-55165, slip op. 19213, 19227-34 (9th Cir. Oct. 24, 2011) (finding extraordinary

---

[1] In his declaration filed in Santa Clara County Superior Court, Harris stated that, having been assured he would not receive more than 3-6 years, "I 'plead out' to a seventeen year max. To my surprise, I was sentenced to eight (8) years in prison." Docket # 1-2, p. 4 (Petition, Exs. at Decl. 1) (error in source).

[2] The truthfulness of Harris' assertion is at the very least doubtful. In his second state habeas petition (i.e., in Case No. CC762263 in Santa Clara County Superior Court) Harris stated under oath that he "was not advised of his const. right to appeal." Docket # 12-1, p. 35 (Resp. Ex. 1); *see also id.* at 36 ("Petitioner's attorney failed to advise him of his right to appeal the sentence.") The Santa Clara County Superior Court denied that petition, explaining that there was no absolute right to appeal following a guilty plea, and finding that "Petitioner has not demonstrated that he had any desire to appeal or that he conveyed any such desire to his attorney after his guilty plea." *Id.* at 41. Only then did Harris begin stating that he told counsel he wanted to appeal.

5

circumstances where attorney failed to file a timely petition despite numerous promises to the contrary; petitioner's three-and-a-half year delay in eventually filing a pro se petition attributable to having been deceived, bullied and lulled by apparently inept and unethical lawyer); *Porter v. Ollison*, 620 F.3d 952, 959-61 (9th Cir. 2010) (attorney's misconduct and eventual resignation after facing disciplinary proceedings for running habeas corpus "writ mill" constitutes extraordinary circumstances; remanding on issue of whether petitioner is or is not entitled to equitable tolling because of lack of diligence or because attorney's egregious conduct did not prevent petitioner from filing timely petition). Harris does not show the sort of egregious misconduct by counsel that warrants equitable tolling. The failure to file the requested appeal does not warrant equitable tolling.

Second, Harris argues that there is a "newly discovered IAC-weighted fact" that came to his attention on March 27, 2010. Opposition, p. 9; Response To Reply, Ex.2. Specifically, he contends that he was visited in prison by Grant and Donna Garber on March 27, 2010, and during that visit he learned that defense counsel told defense witnesses at the sentencing hearing that Harris was guilty of the charged offense. Opposition, p. 9. This event was irrelevant to Harris' habeas petition, even assuming as true that the attorney did express to witnesses his belief in his client's guilt and that Harris did not learn of that until March 27, 2010. The evidence does not support a new claim for habeas relief. Because Harris' conviction rests on his plea of no contest to the criminal charges, the only challenges left open to him are about the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *See Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Also, the statement just is not as shocking as Harris suggests: the attorney allegedly made the statement at the sentencing hearing, which meant that it would have followed the client's entry of a no contest plea.[3] Further, this evidence was not obtained until well after Harris filed his fourth and final state habeas petition, which shows that the evidence did not preclude him from filing his

---

[3] Under California law, a "plea of nolo contendere 'is the functional equivalent of a guilty plea.'" United States v. Anderson, 625 F.3d 1219, 1220 (9th Cir. 2010) (per curiam) (quoting People v. Whitfield, 54 Cal. Rptr. 2d 370, 377 (Cal. Ct. App. 1996)); Cal. Penal Code §1016.

state habeas petitions nor did it prompt him to file another state habeas petition raising the claim. The "newly discovered IAC weighted fact" does not warrant equitable tolling.

Third, Harris argues that he should receive equitable tolling for the 89-day gap between the denial of the second state habeas petition and the filing of the third state habeas petition because he had no law library access during that time due to the closure and relocation of the law library facilities and escort factors related to his protective custody status. No evidence was offered on this point. The court will not require development of the evidence because, even if tolling was allowed for these 89 days, it would not be enough to make the federal petition timely.

Harris has not shown that he pursued his rights with reasonable diligence and that some extraordinary circumstance stood in his way and prevented timely filing. The limitations period will not be equitably tolled. Harris' federal petition was deemed filed on March 20, 2011, more than five months after the limitations period had expired. The petition must be dismissed because it was not filed before the expiration of the habeas statute of limitations period.

A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 12.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1).

The clerk will close the file.

IT IS SO ORDERED.

DATED: November 16, 2011

_____
SUSAN ILLSTON
United States District Judge

7